IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JT SKEETER BEATER, LLC <br><br> D/B/A SKEETER BEATER, <br>        Plaintiff, <br><br> v. <br><br> SKEETER BEATERS CORPORATION <br><br> D/B/A <br><br> SKEETER BEATER and <br> SKEETER BEATERS, <br><br>        Defendant. | Civil Action No.: 13-cv-4626 <br><br> TRIAL BY JURY DEMANDED |

## COMPLAINT

Plaintiff, JT Skeeter Beater, LLC, for its complaint against Defendant, Skeeter Beater Corporation, d/b/a Skeeter Beater and Skeeter Beaters, alleges as follows:

### INTRODUCTION

1. This is an action brought by Plaintiff JT Skeeter Beater, LLC arising under the trademark laws of the United States. Plaintiff JT Skeeter Beater, LLC seeks an injunction and damages against Defendant Skeeter Beaters Corporation for infringement of JT Skeeter Beater, LLC's federal and Illinois state trademark rights.

## THE PARTIES

2. Plaintiff JT Skeeter Beater, LLC is an Illinois corporation having its principal place of business at 24414 N. Old McHenry Road, Hawthorn Woods, IL 60047.

3. On information and belief, Defendant Skeeter Beaters Corporation is an Illinois corporation having an address at 1815 N. Orleans, Ste. 3, Chicago, IL 60614 and conducting business throughout the state of Illinois.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is conferred on the Court by 28 U.S.C. §§ 1331 and 1338 for claims arising under 15 U.S.C. § 1125 of the Lanham Act. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

5. Venue in this court is based upon 28 U.S.C. § 1391.

6. Defendant Skeeter Beaters Corporation has entered into and conducted business in the Northern District of Illinois in matters relating to the subject in dispute.

## FACTUAL BACKGROUND

7. Plaintiff JT Skeeter Beater, LLC has been using the servicemark **SKEETER BEATER** in connection with the service of mosquito abatement and pest treatment since at least 2003 and has been using the mark **SKEETER BEATER** in commerce since at least as early as June 30, 2003 and in interstate commerce since at least as early as May 20, 2009.

8. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant Skeeter Beaters Corporation has been using the mark **SKEETER BEATERS** and name Skeeter Beaters Corporation since approximately May 2012 in connection with providing the same or substantially similar mosquito abatement services as provided by Plaintiff.

**COUNT I**
**TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)**

9. Plaintiff JT Skeeter Beater, LLC hereby re-alleges the allegations of Paragraphs 1-8 of this complaint as if fully set forth herein.

10. This cause of action for trademark infringement arises under 15 U.S.C. § 1125(a).

11. Plaintiff JT Skeeter Beater, LLC's mark **SKEETER BEATER** ("Mark") is inherently distinctive. In the alternative, the mark has acquired secondary meaning.

12. Defendant Skeeter Beaters Corporation's mark **SKEETER BEATERS**, along with the incorporated name "Skeeter Beaters Corporation," so closely resembles Plaintiff JT Skeeter Beater, LLC's Mark in appearance, sound, connotation, commercial impression and meaning that the sale and/or use in commerce by Defendant of its mosquito abatement pest control services in connection with the mark **SKEETER BEATERS** and name Skeeter Beaters Corporation is likely to cause consumer confusion, mistake or deception as to the affiliation, connection, or association of Defendant with Plaintiff JT Skeeter Beater, LLC and/or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff JT Skeeter Beater, LLC. This will injure and damage

Plaintiff JT Skeeter Beater, LLC and the goodwill and reputation symbolized by Plaintiff JT Skeeter Beater, LLC's Mark.

13. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant Skeeter Beaters Corporation's infringing activities commenced, and have continued, despite Defendant Skeeter Beaters Corporation's knowledge of Plaintiff JT Skeeter Beater, LLC's rights in the Mark, and/or with Defendant Skeeter Beaters Corporation's knowledge that it does not have the right to use the Mark in commerce.

14. By the foregoing acts and otherwise, Defendant Skeeter Beaters Corporation will continue to infringe Plaintiff JT Skeeter Beater, LLC's rights in the Mark unless restrained by this Court.

15. As a result of Defendant Skeeter Beaters Corporation's trademark infringement, Plaintiff JT Skeeter Beater, LLC has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

**COUNT II**
**STATE DECEPTIVE TRADE PRACTICES CLAIM**

16. Plaintiff JT Skeeter Beater, LLC hereby re-alleges the allegations of Paragraphs 1-15 of this complaint as if fully set forth herein.

17. This cause of action arises under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

18. Plaintiff JT Skeeter Beater, LLC's Mark is inherently distinctive. In the alternative, it has acquired secondary meaning.

19. Defendant Skeeter Beaters Corporation's mark **SKEETER BEATERS**, and incorporated name Skeeter Beaters Corporation, so closely resembles Plaintiff JT Skeeter Beater, LLC's Mark in appearance, connotation, commercial impression, sound and meaning that the sale or use in commerce by Defendant of its mosquito abatement services in connection with the mark **SKEETER BEATERS** and name Skeeter Beaters Corporation is likely to cause consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's services and/or as to the affiliation, connection, or association with or certification by Plaintiff JT Skeeter Beater, LLC, and thus will injure and damage Plaintiff JT Skeeter Beater, LLC and the goodwill and reputation symbolized by Plaintiff JT Skeeter Beater, LLC's Mark.

20. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant Skeeter Beaters Corporation's deceptive trade practices commenced, and have continued, despite Defendant's knowledge of Plaintiff JT Skeeter Beater, LLC's superior rights in Plaintiff JT Skeeter Beater, LLC's Mark.

21. By the foregoing acts and otherwise, Defendant Skeeter Beaters Corporation will continue its deceptive trade practices of infringing Plaintiff JT Skeeter Beater, LLC's rights in its Mark unless restrained by this Court.

22. As a result of Defendant Skeeter Beaters Corporation's deceptive trade practices, Plaintiff JT Skeeter Beater, LLC has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT III
## STATE COMMON LAW TRADEMARK INFRINGEMENT

23. Plaintiff JT Skeeter Beater, LLC hereby re-alleges the allegations of Paragraphs 1-22 of this complaint as if fully set forth herein.

24. This cause of action for trademark infringement arises under Illinois common law.

25. Plaintiff JT Skeeter Beater, LLC's Mark is inherently distinctive or, in the alternative, has acquired secondary meaning among relevant consumers in Illinois.

26. Defendant Skeeter Beaters Corporation mark **SKEETER BEATERS** and name Skeeter Beaters Corporation so closely resemble Plaintiff JT Skeeter Beater, LLC's Mark in appearance, sound, connotation, commercial impression and meaning that the sale by Defendant of its mosquito abatement services in connection with the mark **SKEETER BEATERS** and name Skeeter Beaters Corporation is likely to cause consumer confusion, mistake or deception as to the affiliation, connection, or association of Defendant with Plaintiff JT Skeeter Beater, LLC and/or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff JT Skeeter Beater, LLC and will injure and damage Plaintiff JT Skeeter Beater, LLC and the goodwill and reputation symbolized by Plaintiff JT Skeeter Beater, LLC's Mark.

27. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant Skeeter Beaters Corporation's infringing activities commenced, and have continued, despite Defendant's knowledge of Plaintiff JT Skeeter Beater, LLC's rights in and to its Mark and/or with Defendant's

knowledge that Defendant does not have the right to use Plaintiff JT Skeeter Beater, LLC's Mark in commerce.

28. By the foregoing acts and otherwise, Defendant Skeeter Beaters Corporation will continue to infringe Plaintiff JT Skeeter Beater, LLC's rights in its distinctive Mark unless restrained by this Court.

29. As a result of Defendant Skeeter Beaters Corporation's trademark infringement, Plaintiff JT Skeeter Beater, LLC has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

**WHEREFORE, Plaintiff JT Skeeter Beater, LLC prays for the following relief**:

1. A finding that Defendant Skeeter Beaters Corporation has infringed Plaintiff JT Skeeter Beater, LLC's Mark.

2. A finding that Defendant Skeeter Beaters Corporation has violated the Illinois Uniform Deceptive Trade Practices Act.

3. An injunction permanently enjoining Defendant Skeeter Beaters Corporation and its directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with it, from:

    a. directly or indirectly infringing or misappropriating Plaintiff JT Skeeter Beater, LLC's Mark;

    b. continuing to advertise, promote, sell or offer to sell any products or services which infringe or misappropriate Plaintiff JT Skeeter Beater, LLC's Mark; and

c. assisting, inducing, or aiding or abetting any other person or entity in engaging in any of the activities prohibited in subparagraphs (a) through (b) above.

4. An injunction permanently enjoining Defendant Skeeter Beaters Corporation and its directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with it, from:

a. committing deceptive trade practices by selling its services in connection with the mark and name **SKEETER BEATER** and likely causing consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's services and/or as to the affiliation, connection, or association with or certification by Plaintiff JT Skeeter Beater, LLC;

b. continuing to advertise, promote, sell or offer to sell any products or services which are likely to cause consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's services and/or as to the affiliation, connection, or association with or certification by Plaintiff JT Skeeter Beater, LLC; and

c. assisting, inducing, or aiding or abetting any other person or entity in engaging in any of the activities prohibited in subparagraphs (a) through (b) above.

5. An order requiring the impounding and destruction of all labels, signs, prints, packages, wrappers, receptacles, uniforms, costumes, and advertisements in the possession of Defendant Skeeter Beaters Corporation infringing Plaintiff JT Skeeter Beater, LLC's Mark and all means of making the same.

6. An order requiring Defendant Skeeter Beaters Corporation to file with the Court and serve on Plaintiff JT Skeeter Beater, LLC, within 30 days after service of the

Court's order as herein prayed, a report (or other form of proof) in writing under oath setting forth in detail the manner and form in which Defendant Skeeter Beaters Corporation has complied with the Court's injunction.

7. A judgment entered for Plaintiff JT Skeeter Beater, LLC and against Defendant Skeeter Beaters Corporation, jointly and severally, for all damages sustained by Plaintiff JT Skeeter Beater, LLC for Defendant's acts of trademark infringement, misappropriation, and deceptive trade practices, including, but not limited to, Defendant's profits, costs, and attorneys' fees.

8. An accounting from Defendant Skeeter Beaters Corporation for all gains, profits, and advantages derived from its acts of trademark infringement, unfair competition, deceptive trade practices, and/or other violations of the law as alleged herein.

9. An order requiring that all gains, profits, and advantages derived by Defendant Skeeter Beaters Corporation from its acts of trademark infringement, unfair competition, deceptive trade practices, and/or other violations of the law as alleged herein, be deemed to be in constructive trust for the benefit of Plaintiff JT Skeeter Beater, LLC.

10. An order for such other, further, and different relief as the Court deems proper under the circumstances, including punitive damages if appropriate pursuant to the evidence of record.

## JURY DEMAND

Plaintiff JT Skeeter Beater, LLC hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: June 24, 2013

By: /s/ Patrick J. Arnold, Jr.

Patrick J. Arnold Jr.
McAndrews, Held, and Malloy, Ltd.
500 W. Madison St, Suite 3400
Chicago, Illinois 60661
Telephone (312) 775-8000
E-Mail: parnold@mcandrews-ip.com

Charles B. Brown
CorpLaw Associates, LLC
400 Central Avenue, Suite 150
Northfield, Illinois 60093
Telephone (847) 784-1300
Facsimile: (847) 784-1331
E-Mail: Charlie@corplaw.com

Attorneys for Plaintiff,
JT Skeeter Beater, LLC